# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

## AGENCY DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. _24-1246_    2. DATE DOCKETED: 07/15/2024

3. CASE NAME (lead parties only) _State of Texas_ v. _EPA, et al._

4. TYPE OF CASE: ☒ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ☐ Yes ☒ No
   If YES, cite statute _____

6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: _U.S. Environmental Protection Agency_
   b. Give agency docket or order number(s): _EPA-HQ-OAR-2022-0730_
   c. Give date(s) of order(s): _05/16/2024 (published in Fed. Reg.); 07/15/2024 (effective date)_
   d. Has a request for rehearing or reconsideration been filed at the agency? ☐ Yes ☒ No
      If so, when was it filled? _____ By whom? _____
      Has the agency acted? ☐ Yes ☐ No If so, when? _____
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      _See attached._
      _____
   f. Are other other cases involving the same underlying agency order pending in this Court or any other?
      ☒ Yes ☐ No If YES, identify case name(s), docket number(s), and court(s)
      _See attached._
   g. Are other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☒ Yes ☐ No If YES, give case name(s) and number(s) of these cases and identify court/agency:
      _See attached._
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ☐ Yes ☒ No If YES, provide program name and participation dates.
      _____
      _____

Signature _/s/ Wesley S. Williams_    Date _08-14-2024_

Name of Counsel for Appellant/Petitioner _Wesley S. Williams_

Address _Office of the Attorney General, P.O. Box 12548 (MC-066), Austin, Texas 78711-2548_

E-Mail _wesley.williams@oag.texas.gov_    Phone ( _512_ ) _463-2012_    Fax ( _512_ ) _320-0911_

**ATTACH A CERTIFICATE OF SERVICE**

**Note:** If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement.

**ATTACHMENT TO AGENCY DOCKETING STATEMENT**

*State of Texas v. United States Environmental Protection Agency, et al.*
Case No. 24-1246 (consolidated with 24-1135, et al.)

## Response to Question 6(e)

Texas has standing to bring this challenge because the final rule entitled "New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry," 89 Fed. Reg. 42,932 ("Final Rule"), causes the following injuries that can be redressed by granting Texas's petition for review.

Texas, through the Texas Commission on Environmental Quality ("TCEQ"), will be required to review the Final Rule to understand changes made to the existing regulatory scheme, provide updated training to its employees, and make appropriate changes to the TCEQ's guidance for the Affected Industries. The TCEQ will also be required to review and modify any permits by rule or standard permits that are issued for the Affected Industries to incorporate the Final Rule's new standards, as well as process new source review and federal operating permit revisions submitted to the TCEQ that incorporate the new standards.

Texas is "an object of" the Final Rule because of these additional actions, thus giving Texas standing. *See Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992)). Furthermore, by increasing administrative obligations, the Final Rule imposes direct economic harm on Texas by forcing it to expend resources that could be used elsewhere. This type of harm, regardless of extent, is sufficient to confer standing. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an injury.") (internal quotation omitted). There is "little question that the action" has injured Texas and "a judgment preventing . . . the action will redress it." *Lujan*, 504 U.S. at 561–62.

## Response to Question 6(f)

The following cases involving the same agency rulemaking are currently pending before this Court and have been consolidated into 24-1135:

*Denka Performance Elastomer, LLC v. EPA* (No. 24-1135) (Lead)

*State of Louisiana, et al. v. EPA, et al.* (No. 24-1228)

*Vinyl Institute, Inc. v. EPA* (No. 24-1249)

*American Chemistry Council, et al. v. EPA* (No. 24-1250)

*Concerned Citizens of St. John, et al. v. EPA, et al.* (No. 24-1251)

*Huntsman Petrochemical, LLC v. EPA* (No. 24-1252)

**<u>Response to Question 6(g)</u>**

The following consolidated cases currently pending before this Court involve a substantially similar issue that the State of Texas plans to raise in the present case:

*Huntsman Petrochemical, LLC v. EPA* (No. 23-1045) (Lead)

*American Chemistry Council, et al. v. EPA* (No. 23-1047)

*Huntsman Petrochemical, LLC, et al. v. EPA* (No. 23-1085)