**ORAL ARGUMENT NOT YET SCHEDULED**

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND MICHAEL S. REGAN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | § § § § § § § § | Case No. 24-1246 (consolidated with No. 24-1135) |
| | § | |
| *Respondents*. | § | |

**TEXAS'S NONBINDING STATEMENT OF ISSUES**

In accordance with this Court's Order issued on July 15, 2024, Petitioner, the State of Texas, submits this Nonbinding Statement of Issues concerning the final agency action of the United States Environmental Protection Agency ("EPA") entitled "New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry," published at 89 Fed. Reg. 42,932 ("Final Rule").

On August 13, 2024, this Court issued its opinion in *Huntsman Petrochemical, LLC v. Environmental Protection Agency*, No. 23-1045. Texas is evaluating that decision to determine its effect and applicability to Texas's claims in the present case.

Notwithstanding its ongoing analysis of *Huntsman*, Texas raises the following issues:

**1.** Whether the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA relied on the 2016 Integrated Risk Information System value for ethylene oxide, which contains critical mathematical issues and fails to consider the most recent scientific information, instead of the Texas Commission on Environmental Quality's more accurate risk assessment for ethylene oxide.

**2.** Whether the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA arbitrarily failed to account for parity bias when selecting breast cancer as an endpoint within its modeling.

Texas reserves its right to raise additional issues in later briefing.

|  | Respectfully submitted, |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | KELLIE E. BILLINGS-RAY<br>Chief, Environmental Protection Division |
| BRENT WEBSTER<br>First Assistant Attorney General | */s/ Wesley S. Williams*<br>WESLEY S. WILLIAMS<br>Assistant Attorney General |
| RALPH MOLINA<br>Deputy First Assistant Attorney General | D.C. Circuit Bar No. 63716<br>Wesley.Williams@oag.texas.gov |
| JAMES LLOYD<br>Deputy Attorney General for Civil Litigation | ROEL TORRES<br>Assistant Attorney General<br>D.C. Circuit Bar No. 65476 |
| OFFICE OF THE ATTORNEY GENERAL<br>Environmental Protection Division<br>P.O. Box 12548 (MC-066)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2012<br>Fax: (512) 320-0911 | Roel.Torres@oag.texas.gov<br><br>*Counsel for Petitioner the State of Texas* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed on August 14, 2024, with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the CM/ECF system.

*/s/ Wesley S. Williams*
WESLEY S. WILLIAMS