# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| CONCERNED CITIZENS OF ST. JOHN et al., <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY et al., <br><br> *Respondents*. | No. 24-1251 (consolidated with lead case No. 24-1135) |

## ENVIRONMENTAL PETITIONERS' NON-BINDING STATEMENT OF ISSUES

Pursuant to this Court's Order of July 16, Doc. #2064929, Petitioners Concerned Citizens of St. John, RISE St. James Louisiana (a project of Earth Island Institute), Louisiana Environmental Action Network, Texas Environmental Justice Advocacy Services, Air Alliance Houston, California Communities Against Toxics, Environmental Integrity Project, and Sierra Club submit the following non-binding statement of issues to be raised:

1. Whether EPA acted arbitrarily or unlawfully by promulgating malfunction exemptions that allow uncontrolled hazardous air pollution releases from pressure relief devices and visibly emitting flares at least once or twice every three years.

2. In reviewing Hazardous Organic NESHAP ("HON") standards for equipment leaks under Clean Air Act section 7412(d)(6), 42 U.S.C. § 7412(d)(6), whether EPA acted arbitrarily or unlawfully (a) by failing to consider and require certain developments in practices, processes, and pollution control technologies and (b) by refusing to revise the Subpart H standards—and thereby the equipment leak standards for Group I Polymers and Resins ("P&R I") and Group II Polymers and Resins ("P&R II")—on the basis of cost effectiveness.

3. In setting HON standards for equipment leaks under section 7412(f)(2), whether EPA acted arbitrarily or unlawfully by not requiring stronger controls that would further reduce emissions as necessary to "provide an ample margin of safety to protect public health." *Id.* § 7412(f)(2).

4. In establishing a fenceline monitoring requirement for some sources under section 7412(d)(6), whether EPA acted arbitrarily or unlawfully by (a) failing to require fenceline monitoring for all sources covered by the HON, P&R I NESHAP, and P&R II NESHAP and (b) setting corrective action levels that exceed unacceptable risk concentrations or that are based on the highest-emitting sources.

5. Whether EPA acted arbitrarily or unlawfully by failing to "provide an ample margin of safety to protect public health" under section 7412(f)(2),

including by substantially underestimating emissions of ethylene oxide from HON sources and chloroprene from polymers and resins sources.

6. In reviewing HON standards under section 7412(f)(2), whether EPA acted arbitrarily or unlawfully by assuming that sources will destroy 99.9 percent of ethylene oxide from process vents and tanks and 98 percent of ethylene oxide from wastewater units, even though the Rule allows controls for vents, tanks, and wastewater units that destroy ethylene oxide by lesser amounts.

Dated: August 15, 2024

Respectfully submitted,

*/s/ Patton Dycus*
Patton Dycus
Environmental Integrity Project
919 Millworks Way
Bozeman, MT 59715
(404) 446-6661
pdycus@environmentalintegrity.org

Abel Russ
Environmental Integrity Project
888 17th Street NW, Suite 810
Washington, DC 20006
(802) 482-5379
aruss@environmentalintegrity.org

*Counsel for Petitioners Sierra Club, California Communities Against Toxics, Air Alliance Houston, and Environmental Integrity Project*

*/s/ Deena Tumeh*
Deena Tumeh
Adam Kron
Kathleen L. Riley
Earthjustice
1001 G St. NW, Suite 1000
Washington, DC 20001
202-793-6482
202-745-5227
202-794-8039
dtumeh@earthjustice.org
akron@earthjustice.org
kriley@earthjustice.org

*Counsel for Concerned Citizens of St. John, RISE St. James Louisiana, Louisiana Environmental Action Network, Texas Environmental Justice Advocacy Services, Air Alliance Houston, California Communities Against Toxics, Environmental Integrity Project, and Sierra Club*

3

## CERTIFICATE OF SERVICE

I certify that on August 15, 2024, I served the foregoing on all registered counsel through the court's electronic filing system (ECF).

Dated: August 15, 2024

*/s/ Deena Tumeh*
Deena Tumeh